## CIRCUIT COURT OF FAIRFAX COUNTY

Shulman

v.

Shulman

April 5, 1990

Case No. (Chancery) 109204

By JUDGE THOMAS S. KENNY

This matter came before the court on Tuesday, April 3, 1990, on the defendant's motion to dismiss based on plaintiff's failure to file an amended bill of complaint within the time limits prescribed by Judge Hancock when he sustained the defendant's demurrer to the original bill of complaint.

Judge Hancock's bench ruling of February 23 as to the time limit was clear and was admittedly understood by plaintiff's counsel, who was present. The bench ruling was later memorialized by a written order entered March 23, 1990. The ruling, and the written order, sustained the demurrer and allowed an amendment of the bill of complaint "on or before Tuesday, March 6, 1990." Counsel for plaintiff admitted that he did not comply with this deadline and cited difficulties in reaching his client who was vacationing in Florida. However, he made no effort to communicate this problem to Judge Hancock until March 21, fifteen days after the deadline had passed, nor did he otherwise request an extension.

Under these circumstances, the motion to dismiss the action must be sustained. The result is harsh, but counsel had ample notice of the deadline and effectively ignored it, or at least took no action to protect against it. To rule otherwise would make any court order vulnerable

and practically meaningless, and for obvious reasons, I would not want to see that happen.

The defendants had filed a cross bill in this case, without leave of court, some fifteen months after the original bill of complaint was filed. Because that was done without leave of court, it will be dismissed. Leave to file it is denied.

In view of the actions taken above which dismiss the actions of both the plaintiff and the defendants herein, it is not necessary to rule on any of the other matters taken under advisement last Tuesday.

This action is hereby dismissed without prejudice to either party to reinstitute it if so advised. This order is final.